BROWN, *Respondent—Cross-Appellant,*
*v.*
BROWN, *Appellant—Cross-Respondent.*
(No. 100402, CA 5344)
552 P2d 265

*Kenneth A. Morrow,* Eugene, argued the cause for appellant—cross-respondent. With him on the brief were Morrow & McCrea, P.C., Eugene.

*Richard E. Miller,* Eugene, argued the cause for respondent—cross-appellant. With him on the brief were Miller, Moulton & Andrews, Eugene.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

The father appeals from those portions of the trial court's decision increasing his child support obligation from $200 to $325 per month per child and changing custody of the youngest boy, age 12, to the mother.

The mother cross-appeals contending that the trial court erred in failing to grant her an extension of spousal support.

The parties were divorced in 1971 after 14 years of marriage. They have five children, four boys and one girl. By the terms of the decree the mother received custody of all five children, $200 per month support per child and support for herself of $350 per month for five years.

Subsequently the mother and the children moved to Maryland where she first worked and later returned to school to obtain her degree in nursing. She received her degree in 1975.

In July of 1972 the mother voluntarily relinquished custody of the four boys to the father because she was unable to look after them since she was in school.

In the spring of 1973 the father, who had by then remarried, moved to have legal custody of the boys changed to him. At the same time the mother moved to have support for the girl, of whom she retained custody, increased. The court granted the father's motion but denied the mother's.

In the summer of 1975, while all the children were with her in the east, the mother decided that all the children should be together in her custody and filed a motion seeking such a change. She also asked for an increase in child support and an extension of support for herself. It is the trial court's ruling on this motion that is the basis for the appeal and cross-appeal here.

In support of his contention that the youngest boy should remain with him, the father relies heavily on

the fact that the boy has expressed a desire to remain with his father. We note, however, that the boy's testimony reveals some doubts about living with his father and stepmother. Specifically, the boy testified that his stepmother is "not really too great" and that she "does dumb things." He also indicated that he gets along with his mother just as well as he gets along with his father.

Since the 1973 award of custody to the father, the mother has graduated from nursing school and has returned to Oregon. Consequently, she is now more able to care for the children than before.

Another factor in our decision is the possibility that the boy would have an undesirable home environment if he lived with his father and stepmother. The evidence indicates that the stepmother does not like to cook and often does not. There is also evidence that she is frequently away from home, sometimes for extended periods. The above, coupled with the fact that the father is often obliged to work late and eat his dinners out, leads us to conclude that the boy would be left to fend for himself to a large extent if custody were awarded to the father.

■ Considering the above, as well as the rest of the record, we conclude, as did the trial judge, that the best interests of the boy require a change of custody to the mother.

■ We next consider whether a change in the amount of child support is called for. Some increase is justified by the fact that all of the children, pursuant to the plan of the parents, are now in private schools, costing $2,750 per year. This, plus the general increase in the cost of living, is sufficient to warrant some change in the support necessary.

■ We do not, however, believe that the increased support award ordered by the trial court is justified. Accordingly, we modify it to provide for support in the amount of $275 per month per child. We do so for two

reasons: First, while the father does have a large income, we conclude that he cannot afford the $19,500 annual support obligation imposed by the trial court. As noted, the father has remarried. He also has purchased a home which he was forced to expand considerably when the mother suddenly sent the four boys to live with him in 1972.

Second, we do not think that child support of $325 per month per child is warranted. The mother submitted a budget of $1,975 per month and testified that if she chooses to work as a nurse, for which she is trained, she can gross between $800 and $1,000 per month. This, when added to the support award, gives her more than an adequate income (5 x $275 = $1,375, plus $800 to $1,000 = $2,175 to $2,375).

■ Lastly, we consider the mother's contention on cross-appeal that she should be awarded support for three more years so she can return to school and obtain her Masters degree in psychiatric nursing. As we understand it, the purpose of the original five-year award was to enable the mother to get her Bachelor's degree in nursing. She has that now. While we can understand her desire to further her education at the father's expense, we are of the opinion that the ex-husband should not be required to finance this post-graduate education for his ex-wife.

Affirmed as modified. No costs to either party.

Foley, J., concurs in the result.